# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEZAR CARVAJAL,<br><br>                Plaintiff,<br>vs.<br><br>PRIDE INDUSTRIES,<br><br>                Defendant. | CASE NO. 10CV2319 DMS (AJB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint, Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed *In Forma Pauperis* ("IFP"), and a request for appointment of counsel.

**I.    Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). This Court finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post securities required to maintain this action. *See* Civil Local Rule 3.2. Accordingly, the Court grants Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

//

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently pleaded, Plaintiff's Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Plaintiff's complaint alleges discrimination, retaliation, and failure to accommodate under Title VII, but lacks sufficient factual detail regarding these claims. Title VII prohibits employers from engaging in certain unlawful employment practices because of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Plaintiff's Complaint, however, does not contain any allegations of unlawful employment practices based upon his race, color, religion, sex, or national origin. Plaintiff further alleges that the instant action is based upon Defendant's failure to accommodate employees with disabilities by not providing them with sufficient breaks, food, water, or medicine. Plaintiff, however, does not allege that he has any mental or physical limitation that was known to Defendant such that Defendant's alleged conduct constitutes discrimination pursuant to the Americans with Disabilities Act, or that Defendant is an "employer" within the meaning of the Act. 42 U.S.C. §§ 12111(5), 12112(a), (b)(5). Accordingly, the Court hereby finds that Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief can be granted.

1 | **III.   Conclusion and Order**

2 | For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed IFP is **GRANTED**. The Complaint is **DISMISSED** without prejudice for failure to state a claim. Plaintiff may file an amended complaint on or before December 10, 2010. Plaintiff's request for appointment of counsel is denied as moot.

**IT IS SO ORDERED.**

DATED: November 18, 2010

_____
HON. DANA M. SABRAW
United States District Judge