# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEZAR CARVAJAL,<br><br>                                Plaintiff,<br>   vs.<br>PRIDE INDUSTRIES, INC.;<br>DOES 1-10,<br><br>                                Defendants. | CASE NO. 10CV2319-GPC(MDD)<br><br>**ORDER RE: WAIVER OF JURY TRIAL** |

On June 28, 2013, the Court held a pretrial conference and Defendant raised for the first time the issue of that Plaintiff waived his right to a jury trial. Accordingly, the Court directed the parties to file briefs regarding the issue. On July 3, 2013, Defendant filed a brief. (Dkt. No. 53.) On July 5, 2013, Plaintiff filed a response. (Dkt. No. 54.) Based on the reasoning below, the Court concludes that Plaintiff has not waived his right to a jury trial.

**Background**

On November 9, 2010, Plaintiff, proceeding *pro se*, filed a half page complaint consisting of single word and phrases causes of action to support his complaint. (Dkt. No. 1) On the attached Civil Cover Sheet, Plaintiff circled "YES" as to jury demand. (Id. at 2.) On November 18, 2010, the Court granted Plaintiff's motion to proceed in forma pauperis and dismissed the complaint for failing to state a claim. (Dkt. No. 4.) On December 3, 2010, Plaintiff, still proceeding *pro se* filed a first amended complaint

without any reference to a jury demand. (Dkt. No. 5.) On January 11, 2011, the Court dismissed the first amended complaint for failing to state a claim. (Dkt. No. 9.) On March 14, 2011, Plaintiff, with counsel, filed a second amended complaint. (Dkt. No. 14.) The caption states "DEMAND FOR JURY TRIAL." (Id. at 1.) After the Court's ruling on Defendant's motion for summary judgment, only two violations alleged under the Americans with Disabilities Act of 1990 ("ADA") remain. These violations are Defendants' failure to accommodate Plaintiff's disability and retaliation.

**Discussion**

Defendant argues that Plaintiff has waived his right to a jury arguing that the request for jury demand in the caption does not meet the requirement under Civil Local Rule 38.1. Without legal support, it contends that a jury demand must be a "substantive demand in the body of a pleading, and not simply noted in the caption." (Dkt. No. 53 at 4.) Plaintiff opposes arguing that he has not waived his right to a jury trial and the local rules do not require a demand to be separate and distinct from the demand in the caption. (Dkt. No. 54 at 4.)

Federal Rule of Civil Procedure 38(d) provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). A party may demand a jury trial by "serving the other parties with a written demand-which may be included in a pleading-no later than 14 days after the last pleading directed to the issue is served . . . ." Fed. R. Civ. P. 38(b)(1). Local Civil Rule 38.1 states that when a "demand is made for a jury trial, it must appear immediately following the title of the complaint, petition, or answer containing the demand, or on such other pleading as may be permitted under Rule 38(b), Fed. R. Civ. P." Local Civ. R. 38.1.

The Court "must indulge every reasonable presumption against waiver" of a jury trial. Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937). The purpose of a jury demand is to inform the court and opposing counsel that the case will be tried to a jury. Lutz v. Glendale Union High School, 403 F.3d 1061, 1065 (9th Cir. 2005). As a result, there is a flexibility as to how the request is made and may fall far short of the ideal in

order to comport with the presumption against waiver. Id. at 1064-65. In Lutz, the Ninth Circuit held that plaintiff's jury demand, although buried in the pleading in the prayer for relief stating "requested compensatory damages for pain and suffering in 'such amount as may be awarded by a jury,'" was sufficient to provide notice to the court and opposing counsel that she wanted a jury trial on two remedial issues. Id. at 1064-65; see also Gargiulo v. Delsole, 769 F.2d 77, 78-79 (2d Cir. 1985) ("While defendants' demand, made on the last page of their answer, was not in the preferred style, and its obscure placement perhaps caused the clerk of the court to overlook it, we nonetheless conclude that it complied with Rule 38(b)."); Pradier v. Elespuru, 641 F.2d 808, 810-11 (9th Cir. 1981) (holding that, where the body of a pleading contains a jury trial demand, the pleading need not also state in its caption that a jury trial is requested in order to comply with Rule 38(b)-even if a district court rule requires such a statement); see also Mondor v. U.S. Dist. Court, 910 F.2d 585, 585 (9th Cir. 1990) (jury demand in caption would have satisfied federal rules and procedures).

Here, the second amended complaint is the operative complaint[1] and is the pleading to determine whether a jury demand was sufficiently made. In the caption of the second amended complaint, Plaintiff writes "DEMAND FOR JURY TRIAL" in capital letters. This provides clear notice to the Court and the opposing party that Plaintiff sought a jury trial on the causes of action in the second amended complaint. It was clear to the Court because the docket states, "SECOND AMENDED

---

[1] The second amended complaint added numerous facts and additional causes of action. An amended pleading revives the right to demand a jury trial if the amendment raises new issues or changes the original issues. See Trixler Brokerage Co. v. Ralston Purina Co., 505 F.2d 1045, 1050 (9th Cir. 1974); see also Chemical Bank v. Affiliated FM Ins. Co, No. 87 Civ. 0150(VLB), 1994 WL 719681, at *8 (S.D.N.Y. Dec. 28, 1994) ("It is equally well settled that once a jury trial has been waived, jury demands set forth for the first time in amended pleadings will revive the right to a jury trial only if the amendments change the issues involved in the original complaint.") Here, Plaintiff, in prior pleadings, merely alleged causes of action without any factual support and consisted of a half page. In the second amended complaint, Plaintiff filed an 18 page complaint adding facts and new causes of action. The Court concludes that the second amended complaint revived the right to demand a jury trial since the factual allegations changed the issues in the past pleading. Moreover, the additional causes of action also revived the right to demand a jury trial.

1 COMPLAINT with Jury Demand." (Dkt. No. 14.) Moreover, Defendants, in the proposed pretrial order agreed and acknowledged a trial by jury. Therefore, the Court concludes that a jury demand was properly made and Plaintiff has not waived his right to a jury trial.[2]

Defendant also contends that Plaintiff is not entitled to a jury trial on his ADA retaliation claim. See Alvarado v. Cajun Operating Co., 588 F.3d 1261, 1269-70 (9th Cir. 2009) (since ADA retaliation claim is redressable only by equitable relief, "no jury trial is available."). Plaintiff does not oppose and agrees that retaliation claim is limited to equitable relief; however, he contends that the failure to accommodate allows for compensatory and punitive damages. Plaintiff argues that both claims should be tried in a single trial where the court can preside over the retaliation cause of action while a jury can decide the failure to accommodate cause of action.

The Court agrees and will conduct a single trial on both causes of action unless Defendant files an objection. Defendant shall file an objection no later than **July 18, 2013.**

## Conclusion

Based on the above, the Court concludes that Plaintiff has not waived his right to a jury trial on the accommodation claim and is not entitled to a jury trial on the retaliation claim.

IT IS SO ORDERED.

DATED: July 15, 2013

HON. GONZALO P. CURIEL
United States District Judge

---

[2]Local Civil Rule 38.1 states that the jury demand must appear immediately following the title of the complaint. In this case, the jury demand was placed in the caption immediately following the title of the complaint. Contrary to Defendant's argument, Local Rules does not require that the jury demand also be placed in the body of a pleading.